**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**ROBERT D. SCOTT,**

                      **Plaintiff,**

   vs.                                                 **9:12-cv-01551
                                                      (MAD/RFT)**

**CARL KOENIGSMANN, M.D., Chief
Medical Officer; NEW YORK STATE
DEPARTMENT OF CORRECTIONS,
In Official and Individual Capacity,**

                      **Defendants.**
_____

**APPEARANCES:**                               **OF COUNSEL:**

**ROBERT D. SCOTT**
7 Mill Street
#5
Batavia, New York 12582
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**         **ADRIENNE J. KERWIN, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

    *Pro se* plaintiff, Robert D. Scott, ("Scott"), a former inmate of the New York State

Department of Corrections and Community Supervision ("DOCCS"), brought this civil rights

action pursuant to 42 U.S.C. § 1983, alleging violations of his First and Eighth Amendment

rights. Dkt. No. 7. Plaintiff's claims arose between 2009 and 2012, while he was in the custody

of the New York State Department of Corrections and Community Supervision ("DOCCS") as an

inmate in the Gowanda Correctional Facility ("Gowanda C.F.") and Mid-State Correctional

Facility ("Mid-State C.F."). Specifically, Plaintiff's amended complaint contains the following claims: (1) medical staff at Mid-State C.F. violated his First Amendment rights by threatening to take away his pain medication if he continued to file grievances; (2) that Plaintiff was transferred to Gowanda C.F. in retaliation for filing grievances; (3) that medical staff at Gowanda C.F. provided constitutionally inadequate medical care; and (4) that Defendant Koenigsmann was aware of these violations and was deliberately indifferent by failing to remedy Plaintiff's issues. *See generally* Dkt. No. 7.

On July16, 2014, Magistrate Judge Treece issued a Report-Recommendation and Order recommending that Defendants' motion to dismiss be granted in part and denied in part. *See* Dkt. No. 41. Neither party objected to Magistrate Judge Baxter's recommendation nor asked for an extension of time to do so.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to

any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007) (citation omitted). In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are "integral" to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," *see* Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is

3

entitled to relief[,]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *see id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting [*Twombly*, 550 U.S.] at 557, 127 S. Ct. 1955). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the[ ] complaint must be dismissed[,]" *id.* at 570.

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)) (other citations omitted). The Second Circuit has opined that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (qquoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

In the present matter, Magistrate Judge Treece provided plaintiff adequate notice that he was required to file objections to the Report- Recommendation and Order, and specifically informed him that failure to object to any portion of the report would preclude his right to appellate review. *See* Dkt. No. 41. Specifically, Magistrate Judge Treece informed plaintiff that "**FAILURE TO OBJECT TO THIS REPORT WITHIN 14 DAYS WILL PRECLUDE**

**APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e)." *See id.* Magistrate Judge Treece clearly provided Plaintiff with sufficient notice of the consequences of failing to object to the Report-Recommendation and Order.

Having carefully reviewed the July 16, 2014 Report-Recommendation and Order, the Court finds that Magistrate Judge Treece correctly determined that the Court should grant in part and deny in part Defendants' motion to dismiss. Specifically, the Court finds that Magistrate Judge Treece correctly determined that Defendant DOCCS should be dismissed because it is not subject to suit under section 1983 and that Plaintiff's claims against Defendant Koenigsmann in his official capacity seeking monetary damages are barred by the Eleventh Amendment. *See* Dkt. No. 41 at 8-9. Further, the Court finds that the recommendation correctly determined that Defendants' motion should be granted with respect to Plaintiff's claims against Defendant Koenigsmann regarding the medical care he received between 2003 and February 6, 2012, because Defendant Koenigsmann properly responded to Plaintiff's complaints. *See id.* at 13-14. Moreover, the amended complaint plausibly alleges Defendant Koenigsmann's personal involvement in the allegedly inadequate medical care complained of in Plaintiff's June 20 and August 1, 2012 letters. *See id.* at 15-16. Finally, Magistrate Judge Treece correctly determined that Defendant failed to allege a plausible claim of retaliation against Defendant Koenigsmann. *See id.* at 18-20.

Wherefore, the Court hereby

**ORDERS** that Magistrate Judge Treece's July16, 2014 Report-Recommendation and Order is **ADOPTED in its entirety** for the reasons stated therein; and the Court further

**ORDERS** that Defendants' motion to dismiss (Dkt. No. 23) is **GRANTED in part** and **DENIED in part**; and the Court further

**ORDERS** that Defendant's motion to dismiss with respect to all of Plaintiff's claims against Defendant DOCCS is **GRANTED,** and that DOCCS is **DISMISSED** from this action; and the Court further

**ORDERS** that Defendant's motion to dismiss is **GRANTED** with respect to Plaintiff's claims for monetary relief against Defendant Koenigsmann in his official capacity; and the Court further

**ORDERS** that Defendant's motion to dismiss is **GRANTED** with respect to Plaintiff's claims against Defendant Koenigsmann, arising out of his treatment, medical or otherwise, at OCF and Mid-State between 2003 and February 6, 2012; and the Court further

**ORDERS** that Defendant's motion to dismiss is **GRANTED** with respect to Plaintiff's retaliation claims; and the Court further

**ORDERS** that Defendant's motion to dismiss is **DENIED** with respect to Plaintiff's claims that defendant Koenigsmann was deliberately indifferent to the allegedly inadequate medical are Plaintiff received between February 7, 2012 and October 24, 2012 at Mid-State C.F. and Gowanda C.F.; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with Local Rules.

**IT IS SO ORDERED.**

Dated: August 13, 2014
      Albany, New York

Mae A. D'Agostino
U.S. District Judge